**Exhibit C**

LAW OFFICES

# DENNIS, CORRY, SMITH & DIXON, L.L.P.

900 CIRCLE 75 PARKWAY, SUITE 1400
ATLANTA, GEORGIA 30339
www.dcplaw.com

TELEPHONE (404) 926-3677                                        FACSIMILE (404) 365-0134

August 11, 2020

Well States Healthcare, LLC
Attn: Billing Records Custodian
*c/o* Nate Ormond, Registered Agent
333 Perry Street, Suite 302
Castle Rock, CO 80104

  Re: Patient      : Billy Lee Hughey, Jr.
     Date of Birth     : August 7, 1981
     Social Security No. : XXX-XX-3716
     Our File No.     : 54-13655 (GBS)

**FOLLOW-UP REGARDING**
**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS**
**OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

Dear Billing Records Custodian:

  Our records indicate that a *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* was issued to you more than thirty (30) days ago on April 1, 2020 (a copy is enclosed). As of the date of this writing, the 30-day time period has expired and we have not received the requested <u>financial agreement</u> between Well States Healthcare, LLC and Spine Center Atlanta that covers treatment for Billy Lee Hughey, Jr. Kindly provide to this office **certified** copies of the funding agreement relative to the above-referenced patient at any time within fourteen (14) days of the date herein. A certification form is enclosed for your convenience. The original certification form should be returned with the records.

  We will be happy to pay the reasonable costs, up to $100.00, of producing these records. Please fax me an invoice so that I may submit same for payment. If the production costs exceed $100.00, please contact me so that we can discuss obtaining the records.

  Thank you. I appreciate your assistance.

                With kindest regards

                *Nakehia S. Phillips*

                NAKEHIA S PHILLIPS
                Paralegal to Nakehia S Phillips

NSP/lms
Enclosures

**Well States Healthcare, LLC**
**Attn: Billing Records Custodian**
**c/o Nate Ormond, Registered Agent**
**333 Perry Street, Suite 302**
**Castle Rock, CO 80104**

## RECORDS CERTIFICATION & DECLARATION

BEFORE ME the undersigned officer, duly authorized by law to administer oaths, who after being duly sworn, under oath, deposes and says:

I, _____ (print name), am the custodian of records of **Well States Healthcare, LLC**.

I swear or affirm that the attached documents are true and correct copies of the entire file of **Billy Lee Hughey, Jr.** that are: (1) made at or near the time of the described acts, events, conditions, opinions and/or diagnosis set forth in the records; (2) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (3) kept in the course of regularly conducted business activity of the business identified above; and (4) routinely made by the regularly conducted business practice of the business identified above as a regular practice. This certification is given pursuant to Rules 803(6) and 902(11), Federal Rules of Civil Procedure.

I declare, certify, verify and state under penalty of perjury that the foregoing is true and correct.

_____
CUSTODIAN OF RECORDS

Sworn to and subscribed before me this
_____ day of _____, 2020.

_____
Notary Public
My Commission Expires:

54-13655 (GBS)

**Well States Healthcare, LLC**
**Attn: Billing Records Custodian**
**c/o Nate Ormond, Registered Agent**
**333 Perry Street, Suite 302**
**Castle Rock, CO  80104**

Re:   Patient              :   Billy Lee Hughey, Jr.
      Date of Birth       :   August 7, 1981
      Social Security No. :   XXX-XX-3716

## CERTIFICATE OF NO RECORDS

THE UNDERSIGNED, Custodian of Records for **Well States Healthcare, LLC**, certifies that a thorough search of our records dating back at least seven years, carried out under my direction and control, revealed no records exist in our files for **Billy Lee Hughey, Jr.**.

_____
CUSTODIAN OF RECORDS

Date: _____

54-13655 (GBS)

LAW OFFICES
# DENNIS, CORRY, SMITH & DIXON, L.L.P.

900 CIRCLE 75 PARKWAY, SUITE 1400
ATLANTA, GEORGIA 30339
www.dcplaw.com

TELEPHONE (404) 926-3677                                              FACSIMILE (404) 365-0134

April 1, 2020

COPY

**VIA CERTIFIED MAIL - RETURN RECEIPT REQUESTED**
**ARTICLE NO.: 9314 8699 0430 0070 4383 70**

Well States Healthcare, LLC
Attn.: Medical Records Custodian
c/o Nate Ormond, Registered Agent
333 Perry Street, Suite 302
Castle Rock, CO  80104

|  |  |  |  |
|---|---|---|---|
| Re: | Patient | : | Billy Lee Hughey, Jr. |
|  | Date of Birth | : | 08/07/1981 |
|  | Social Security No. | : | XXX-XX-3716 |
|  | WSHC File # | : | BH042119 |
|  | Our File No. | : | 54-13655 (GBS) |

Dear Sir/Madam:

The enclosed subpoena has been served on you in accordance with Rules 34(c) and 45, Federal Rules of Civil Procedure. The purpose of the subpoena is for the <u>production of documents only</u>. Your response to this subpoena is required by simply returning the requested records to me at the above address along with your statement for the reproduction of these records. Also enclosed is a Certificate of Authentication of Records. Please return the original certificate to me along with the requested records. Please advise me if the cost of reproducing these records exceeds $100.00 prior to reproducing such records. You may fax an invoice to my attention at (404) 365-0134.

HIPAA is not applicable to the medical records of parties in suit. In light of Federal law, 45 C.F.R. § 164.512, providers are required to send claimant's medical records, billing records and radiographic films.

The regulations governing HIPAA, 45 C.F.R. § 164.512, state as follows:

(e)  <u>Standard: disclosures for judicial and administrative proceedings.</u>

    (1)  <u>Permitted disclosures</u>. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

        (ii)  In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

(A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request;

(iii) For the purposes of paragraph (e)(1)(ii)(A) of this section, a covered entity receives satisfactory assurances from a party seeking protected health information if the covered entity receives from such party a written statement and accompanying documentation demonstrating that:

(A) The party requesting such information has made a good faith attempt to provide written notice to the individual (or, if the individual's location is unknown, to mail a notice to the individual's last known address);

(B) The notice included sufficient information about the litigation or proceeding in which the protected health information is requested to permit the individual to raise an objection to the court or administrative tribunal; and

(C) The time for the individual to raise objections to the court or administrative tribunal has elapsed, and:

(1) No objections were filed; or

(2) All objections filed by the individual have been resolved by the court or the administrative tribunal and the disclosures being sought are consistent with such resolution.

In this case, Plaintiff's records are being requested via subpoena in the course of a civil action in which Plaintiff put his/her medical history at issue. This subpoena is being served upon Plaintiff's counsel concurrent with this letter and clearly satisfies the written notice requirements of (e)(1)(iii).

If you have any questions or if I can be of assistance, please do not hesitate to contact me. It is most important that we receive these records as quickly as possible. Thank you for your cooperation in this matter.

Sincerely,

*Nakehia S. Phillips*

NAKEHIA S PHILLIPS
Paralegal to Brent M. Estes, Esq.

NSP
Enclosure
cc: All Attorneys of Record

**Well States Healthcare, LLC**
**Attn: Medical Records Custodian**
**c/o Nate Ormond, Registered Agent**
**333 Perry Street**
**Suite 302**
**Castle Rock, CO  80104**

      Re:    Patient                      :    Billy Lee Hughey, Jr.
             Date of Birth          :    08/07/1981
             Social Security No.  :    XXX-XX-3716
             WSHC File #        :    BH042119

## RECORDS CERTIFICATION & DECLARATION

BEFORE ME the undersigned officer, duly authorized by law to administer oaths, who after being duly sworn, under oath, deposes and says:

I, _____ (print name), am the custodian of records of **Well States Healthcare, LLC**.

I swear or affirm that the attached documents are true and correct copies of the entire file of **Billy Lee Hughey, Jr.** that are: (1) made at or near the time of the described acts, events, conditions, opinions and/or diagnosis set forth in the records; (2) made by, or from information transmitted by, a person with personal knowledge and a business duty to report; (3) kept in the course of regularly conducted business activity of the business identified above; and (4) routinely made by the regularly conducted business practice of the business identified above as a regular practice. This certification is given pursuant to Rules 803(6) and 902(11), Federal Rules of Civil Procedure.

I declare, certify, verify, and state under penalty of perjury that the foregoing is true and correct.

                                                                                   _____
                                                                                   CUSTODIAN OF RECORDS

Sworn to and subscribed before me this
_____ day of _____, 2020.


_____
Notary Public

My Commission Expires:


54-13655 (GBS)

Well States Healthcare, LLC
Attn: Medical Records Custodian
c/o Nate Ormond, Registered Agent
333 Perry Street
Suite 302
Castle Rock, CO 80104

Re:  Patient            :  Billy Lee Hughey, Jr.
     Date of Birth      :  08/07/1981
     Social Security No.:  XXX-XX-3716
     WSHC File #        :  BH042119

## CERTIFICATE OF NO RECORDS

THE UNDERSIGNED, Custodian of Records for **Well States Healthcare, LLC,** certifies that a thorough search of our records dating back at least seven years, carried out under my direction and control, revealed no records exist in our files for **Billy Lee Hughey, Jr.**

_____
Custodian of Records

Date:_____

54-13655 (GBS)

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

**Billy Hughey**
          *Plaintiff*

v.                                            Civil Action No. 1:19-cv-03499-SDG

**KTV's Transportation, LLC and Van Minger**
          *Defendants*

COPY

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:   **Well States Healthcare, LLC**
      **c/o Nate Ormond, Registered Agent**
      **333 Perry Street, Suite 302**
      **Castle Rock, CO 80104**

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: **SEE ATTACHMENT "A"**

| Place: Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Pkwy, Suite 1400, Atlanta, GA 30339 | Date and Time: **April 16, 2020; 5:00 p.m. Eastern Time** |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:     April 1, 2020

CLERK OF COURT

                                                          OR   /s/ *Brent M. Estes, Esq.*
_____                              _____
*Signature of Clerk or Deputy Clerk*                                  *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*,
Defendants KTV'S Transportation, LLC and Van Minger            who issues or requests this subpoena, are:

Brent M. Estes, Dennis, Corry, Smith & Dixon, LLP, 900 Circle 75 Parkway, Suite 1400, Atlanta, Georgia 30339; 404-365-0102; bestes@dcplaw.com

**Notice to the person who issues or requests this subpoena**
A notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 2)

Civil Action No. 1:19-cv-03499-SDG

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* Well States Healthcare, LLC

on *(date)* April 1, 2020 .

☒ I served the subpoena by delivering a copy to the named person as follows: Via Certified Mail
Well States Healthcare, LLC
c/o Nate Ormond, Registered Agent
333 Perry Street     on *(date)* April 1, 2020     ; or
Suite 302
Castle Rock, CO 80104

☐ I returned the subpoena unexecuted because: _____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: April 1, 2020

/s/ *Nakehia S. Phillips*
Server's signature

Nakehia S Phillips, Paralegal
Printed name and title

Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339
Server's address

Additional information regarding attempted service, etc.:

Case 1:19-cv-03499-SDG   Document 38-3   Filed 09/15/20   Page 10 of 19

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (page 3)

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  (A) within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  (B) within the state where the person resides, is employed, or regularly transacts business in person, if the person
    (i) is a party or a party's officer; or
    (ii) is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  (A) production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  (B) inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  (A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  (B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    (i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  (A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    (i) fails to allow a reasonable time to comply;
    (ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);
    (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    (iv) subjects a person to undue burden.
  (B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    (i) disclosing a trade secret or other confidential research, development, or commercial information; or
    (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  (C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    (ii) ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  (A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  (B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  (C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  (D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  (A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    (i) expressly make the claim; and
    (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  (B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT "A"

| | | | |
|---|---|---|---|
| RE: | Patient | : | Billy Lee Hughey, Jr. |
| | Date of Birth | : | 08/07/1981 |
| | Social Security No. | : | XXX-XX-3716 |
| | WSHC File # | : | BH042119 |

## EXHIBIT "A"

**(I)   TERMS USED HEREIN:**

(1)   **"You," "Your,"** and **"Well States Healthcare, LLC"** mean and refer to Well States Healthcare, LLC as well as Well States Healthcare's agents, servants, employees, representatives, owners, and principles.

(2)   **"Document"** and **"Documents"** shall mean and include any and all tangible item, record, written paper, typed paper or graphic matter, handwritten notes, typed notes, correspondences, letters, facsimiles, emails, any writings, contracts, agreements, reports, accident reports, medical/hospital/therapy records, legers, bills, invoices, receipts, drawings, photographs, tape recordings or other electronically recorded sounds or materials, <u>all electronic data including print outs and screen shots</u>, marketing materials, brochures, and pamphlets however produced or reproduced.

If a **Document** has been prepared in several copies, or additional copies have been made, and the copies are not identical (or which, by reason of subsequent modification, are no longer identical), each non-identical copy is a separate **Document**.

(3)   **"Photograph"** or **"Photographs"** means all photographs, photographic images, film, video, or other similar representations, however recorded or stored, including but not limited to printed, camera, computer, pdf, jpeg, memory card, videotape, digital, or analog storage.

(4)   **"Films"** means any and all radiologic imaging including, but not limited to, x-rays, MRI images and scans, and CT images and scans.

(5)   **"Plaintiff"** means Billy Lee Hughey, Jr., or Billy Hughey unless specifically identified otherwise below.

(6)   **'Plaintiff's attorneys"** means all of the following:

    (a) Charles Rauton, Esq.

    (b) Monge & Associates, PC

    (c) All employees, agents, servants, and representatives of Monge & Associates, PC

## EXHIBIT "A" CONTINUED

"**Spine Center Atlanta**" means and includes each and every of the following entities:

(a) James Chappuis, M.D.

(b) Orthopaedic & Spine Surgery of Atlanta, LLC

(c) Spine Center Atlanta, LLC

(d) Atlanta Orthopaedic Surgery Center, LLC

(e) Spine Center Atlanta Surgery Center, LLC

(f) Spine Center Atlanta Rehabilitation & Wellness Center, LLC

(g) Atlanta Orthopedic Surgery Specialists, LLC

(h) Interventional Spine and Pain Management

(i) Integrative Wellness Atlanta, LLC

(j) Ortho Stem Cell Atlanta, LLC

(k) Palisades Imaging, LLC

(l) Georgia OccMed, LLC

(m) Spine Center Conyers, LLC

(n) Spine Center Riverdale, LLC

(o) Spine Center Savannah, LLC

(p) All parent companies, subsidiaries, and affiliates of each and every entity listed in 5(b)-5(o) herein.

(p) All owners, principles, employees, agents, servants, and representatives of each and every entity listed in 5(b)-5(n) herein including, but not limited to James Chappuis, M.D.

(q) All personal injury departments of each and every person and entity listed in 5(a)-5(o) herein.

## EXHIBIT "A" CONTINUED

(II) **DOCUMENTS AND TANGIBLE ITEMS TO BE PRODUCED BY WELL STATES HEALTHCARE, LLC:**

1) A copy of Well States Healthcare, LLC's entire file pertaining to **Plaintiff** including all Documents pertaining to **Plaintiff**, James Chappuis, M.D., Spine Center Atlanta, and this lawsuit. For reference purposes, See attached Exhibit 1, a Balance Due Statement from Well States Healthcare referencing **Plaintiff** and WSHC File # BH042119.

2) A copy of each and every Letter of Protection signed by **Plaintiff**.

3) A copy of each and every Letter of Protection provided by Well States Healthcare, LLC to **Plaintiff**, **Plaintiff's** attorneys, James Chappuis, or Spine Center Atlanta for **Plaintiff** to sign whether signed by her or not.

4) All Documents disclosing each and every medical lien pertaining to any and all medical care provided to **Plaintiff**.

5) A copy of each and every medical lien pertaining to any and all medical care provided to **Plaintiff**.

6) All collateral assigned to Well States Healthcare, LLC with respect to **Plaintiff** or this lawsuit.

7) All wire transfers and wire transfer instructions for wire transferring of the purchase price to Spine Center Atlanta as set forth on the closing statements with respect to **Plaintiff** or this lawsuit.

8) All Documents, films, and photographs provided by James Chappuis, M.D. or Spine Center Atlanta to Well States Healthcare, LLC that contains the information which Spine Center Atlanta has provided to Well States Healthcare, LLC to comply with Spine Center Atlanta's agreement to provide complete and unfettered access regarding the Accounts and Account Documents to Well States Healthcare, LLC regarding **Plaintiff**, **Plaintiff's** attorneys or this lawsuit including all information and Documents provided by James Chappuis, M.D. or Spine Center Atlanta to Well States Healthcare, LLC informing Well States Healthcare, LLC of the risks associated with the collectability (and ultimate collection) of the Accounts and/or litigation related to the Accounts regarding this lawsuit.

9) Each and every Document that discloses any and all medical services provided by any person or entity to **Plaintiff**.

10) Each and every Document that discloses any and all medical services provided by any person or entity to **Plaintiff** that were funded by Well States Healthcare, LLC.

11) Each and every Film taken of **Plaintiff**.

12) Each and every Photograph taken of **Plaintiff**.

13) Each and every Photograph taken of any and all vehicles involved in the May 16, 2018 motor vehicle accident at issue in this lawsuit.

14) All Documents, correspondences, letters, facsimiles, and emails sent, received, or exchanged between Well States Healthcare, LLC and James Chappuis, M.D. about **Plaintiff**, his medical condition or care, or this lawsuit.

15) All Documents, correspondences, letters, facsimiles, and emails sent, received, or exchanged between Well States Healthcare, LLC and Spine Center Atlanta about **Plaintiff**, his medical condition or care, or this lawsuit.

16) All Documents, correspondences, letters, facsimiles, and emails sent, received, or exchanged between Well States Healthcare, LLC and Plaintiff's attorneys about **Plaintiff**, his medical condition or care, or this lawsuit.

17) All Documents, correspondences, letters, facsimiles, and emails sent, received, or exchanged between Well States Healthcare, LLC and **Plaintiff** about **Plaintiff**, his medical condition or care, or this lawsuit.

18) All billing records, engagement agreements or other documents regarding fees and expenses charged or paid by you with respect to **Plaintiff**.

19) All Documents that disclose the exact and total amount of money Well States Healthcare, LLC has paid or advanced to James Chappuis, M.D., James Chappuis, M.D., P.C., Spine Center Atlanta, **Plaintiff** and Plaintiff's attorneys with respect to **Plaintiff** as of present.

20) All Documents that disclose the exact and total amount of money Well States Healthcare, LLC has considered or agree to pay or advance to James Chappuis, M.D., James Chappuis, M.D., P.C., Spine Center Atlanta, **Plaintiff** or Plaintiff's attorneys for any time on or after June 1, 2018.

21) All Documents that disclose the dates and amounts of each and every payment or advance of monies from Well States Healthcare, LLC to James Chappuis, M.D., Spine Center Atlanta, **Plaintiff**, and Plaintiff's attorneys regarding **Plaintiff**.

22) All Documents about a payment or advance of **$268,907.77** reflected in the aforementioned Balance Due Statement for **Plaintiff** produced to Defendants' attorney by Spine Center Atlanta in this lawsuit.

23) All Documents that disclose the amount of the total medical account Spine Center Atlanta has established for **Plaintiff** which includes charges not subject to a Medical Lien being advanced by Well States Healthcare, LLC.

24) All documents and films submitted to Well States Healthcare, LLC by any person or entity regarding **Plaintiff**.

25) All Documents submitted to Well States Healthcare, LLC by any person or entity regarding Defendants KTV'S Transportation, LLC Van Minger and Columbia Insurance Company.

26) All Documents, insurance policies, declarations, or endorsements related to the liability insurance coverage of Defendants KTV'S Transportation, LLC, Van Minger and Columbia Insurance Compnay with respect to **Plaintiff**'s lawsuit.

27) All Documents regarding assessment of whether **Plaintiff** was unable to obtain medical attention due to lack of insurance coverage and whether qualified with Well States Healthcare, LLC for funding.

28) All Documents, wire transfers, checks, money orders, credit card payments, debit card payments, or other financial payments regarding any payments, advances, loans, or funding by Well States Healthcare, LLC to **Plaintiff**, Plaintiff's attorneys, or any of **Plaintiff**'s medical providers.

29) All Documents, wire transfers, checks, money order, credit card, debit card, or other financial payments regarding any payments, advances, loans, or funding by Well States Healthcare, LLC to James Chappuis, M.D., James Chappuis, M.D., P.C., and Spine Center Atlanta regarding **Plaintiff**.

30) Well States Healthcare, LLC's complete underwriting files with respect to any and all of the following persons and entities: **Plaintiff**, Plaintiff's attorneys, Spine Center Atlanta, James Chappuis, M.D., and James Chappuis, M.D., P.C.

31) All Documents and fee schedules disclosing the fees for physician consultations, surgery, diagnostic procedures, surgery center fees, physical therapy, aquatic therapy, and pain management for Spine Center Atlanta and James Chappuis, M.D.

32) All Documents, marketing materials, brochures, and pamphlets provided by Well States Healthcare, LLC to Spine Center Atlanta, James Chappuis, M.D., James Chappuis, M.D., P.C., **Plaintiff**, or Plaintiff's attorneys.

In lieu of your appearance, you may send photocopies of such documents to the address stated below, and the reasonable cost of reproduction will be paid by the named defendant(s).

DENNIS, CORRY, SMITH & DIXON, LLP
900 Circle 75 Parkway, Suite 1400
Atlanta, Georgia 30339

## Nevada Rules of Civil Procedure 45:

**(c) Protection of Persons Subject to Subpoena.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it:

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

[As amended; effective January 1, 2005.]

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## CERTIFICATE OF SERVICE

I served the foregoing **Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action** by depositing said copy in the United States mail in a properly-addressed envelope with adequate postage thereon to:

>Charles Rauton
>Monge & Associates, P.C.
>8205 Dunwoody Place, Bldg. 19
>Atlanta, Georgia 30350

This 1st day of April, 2020

>/s/ Brent M. Estes
>BRENT M. ESTES
>For the Firm

54-13399 (GBS)

Linda Slonecker 54-13655 (BME) NSP
Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway
Suite 1400
Atlanta, GA 30339



9314 8699 0430 0070 4383 70

RETURN RECEIPT (ELECTRONIC)

Total Postage: $6.05

Well States Healthcare, LLC
Attn.: Medical Records Custodian
c/o Nate Ormond, Registered Agent
333 Perry Street, Suite 302
Castle Rock, CO 80104

Reference Number: 54-13644 (BME)

CERTIFIED MAIL

Linda Slonecker 54-13655 (BME) NSP
Dennis, Corry, Smith & Dixon, LLP
900 Circle 75 Parkway
Suite 1400
Atlanta, GA 30339

9314 8699 0430 0070 4383 70

RETURN RECEIPT (ELECTRONIC)





Hasler    FIRST-CLASS MAIL
04/01/2020
US POSTAGE $006.20⁰

ZIP 30339
011E11684399

Total Postage: $6.05

Well States Healthcare, LLC
Attn.: Medical Records Custodian
c/o Nate Ormond, Registered Agent
333 Perry Street, Suite 302
Castle Rock, CO 80104