**Exhibit D**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| SAMSON ADEWALE, | § § | |
| Plaintiff, | § § | CIVIL ACTION NO.: 1:19-CV-3117-WMR |
| v. | § § | |
| BERKSHIRE HATHAWAY HOMESTATE INSURANCE COMPANY, MARTA LOGISTICS LLC, and MYROSILAV PALIY, | § § § § § § | |
| Defendants. | § | |

## ORDER

In a letter dated August 4, 2020, Defendants in the above-referenced matter asked this Court to resolve an on-going discovery dispute between the parties regarding the production of certain documents held by non-parties Orthopaedic & Spine Surgery of Atlanta, LLC a/k/a Spine Center of Atlanta ("Spine Center") and Amicus Funding, LLC. Defendants contend these documents detail a financial arrangement between Spine Center and Amicus Funding, LLC for medical funding for services provided to Plaintiff Samson Adewale in connection with the underlying June 14, 2017 automobile accident. On August 7, 2020, this Court ordered Spine Center and Amicus Funding, LLC

1

to produce any and all documents response to Defendants' subpoenas to this Court for an *in camera* review. The Court has now completed its *in camera* review of the subject documents and enters the following Order:

1. The Court finds that it is necessary for this litigation for the subject documents to be produced to the parties in their full and unredacted form. As such, the Court **ORDERS** Spine Center and Amicus Funding, LLC to produce the subject documents in their full and unredacted form to the parties of this action.

2. The Court, however, further **ORDERS** that the parties, the parties' counsel, and individuals who are employed by the parties or the parties' counsel, may not use the subject documents in court and/or produce the subject documents to any non-party at any time without first moving for an Order of this Court allowing them to do so. Additionally, the Court **ORDERS** that the parties, the parties' counsel, and individuals who are employed by the parties or the parties' counsel, may not disclose the contents of the subject documents to any non-party at any time without leave of Court.

3. This Order shall survive settlement, judgment or other disposition or conclusion of this action and all appeals therefrom, and this Court shall

retain continuing jurisdiction in order to enforce the terms of this Order. Upon the final determination of this action, including any appeals, all originals and copies of the subject documents shall be destroyed within sixty (60) days of the date of the termination of this action.  Upon request, the party and/or the party's counsel in possession of the subject documents shall provide written confirmation that the documents have been destroyed.

4. This Order shall not govern the use of the subject documents at trial.  The Court will address any necessary procedures for the protection of any confidential information at trial in advance of trial.

**IT IS SO ORDERED** this 1st day of September, 2020.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE