IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BILLY HUGHEY,<br><br>    Plaintiff,<br><br>                v.<br><br>KTV'S TRANSPORTATION, LLC and VAN MINGER,<br><br>    Defendants. | Civil Action No.<br>1:19-cv-03499-SDG |

**OPINION AND ORDER**

This matter is before the Court on Defendants KTV's Transportation, LLC (KTV) and Van Minger's motion for partial summary judgment [ECF 92]. Plaintiff Billy Hughey did not file a response in opposition. After careful consideration of the record and Defendants' brief, the Court **GRANTS** Defendants' motion for partial summary judgment.

**I.    BACKGROUND**

On May 16, 2018, Hughey and Minger were involved in a motor vehicle accident.[1] At the time of the accident, Minger was operating his vehicle as the owner and operator of KTV.[2] Hughey was injured in the accident and filed suit against Minger and KTV in the State Court of Fulton County, Georgia, alleging

---

1   ECF 92-2, ¶ 1.

2   *Id.* ¶ 2.

negligence and negligence *per se* against Minger and *respondeat superior* and negligent hiring and retention against KTV.[3] Hughey seeks over $300,000 in compensatory damages, plus punitive damages and attorneys' fees.[4] Defendants timely removed to this Court, claiming diversity jurisdiction under 28 U.S.C. § 1332(a) because Hughey is a Georgia citizen, Minger and KTV are South Carolina citizens, and the amount in controversy exceeds $75,000.[5]

Defendants moved for partial summary judgment, arguing that the factual record does not, as a matter of law, support Hughey's claims for punitive damages, attorneys' fees, and negligent hiring and retention.[6] Hughey failed to file a response in opposition to Defendants' motion, and so the Court considers it unopposed. LR 7.1(B), NDGa.

## II.  LEGAL STANDARD

A district court must grant summary judgment where the record reflects "no genuine dispute as to any material fact" and where "the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is "material" only if it

---

[3]  ECF 1-1, ¶¶ 9–20.

[4]  *Id.* ¶¶ 21–24.

[5]  ECF 1, ¶¶ 2–7.

[6]  ECF 92-2, at 1–2.

can affect the outcome of the lawsuit under the governing legal principles. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A factual dispute is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In evaluating a motion for summary judgment, a district court must view the evidence in the light most favorable to the non-moving party and draw "all justifiable inferences" in the non-moving party's favor. *Anderson*, 477 U.S. at 255; *see also Herzog v. Castle Rock Entm't*, 193 F.3d 1241, 1246 (11th Cir. 1999). A district court is not permitted to make credibility determinations or weigh evidence, however, as these are jury functions. *Anderson*, 477 U.S. at 255. *See also Graham v. State Farm Mut. Ins. Co.*, 193 F.3d 1274, 1282 (11th Cir. 1999).

The moving party bears the burden of demonstrating that summary judgment is appropriate. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." *Id.* This is true even if the motion is unopposed. *Reese v. Herbert*, 527 F.3d 1253, 1269 (11th Cir. 2008) ("[D]istrict court cannot base the entry of summary judgment on the mere fact that the motion was unopposed, but, rather, must consider the merits.") (quoting *United States v. One Piece of Real*

*Property Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d 1099 (11th Cir. 2004)). Where, as here, a motion for summary judgment is unopposed, "[t]he district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary materials. At the least, the district court must review all of the evidentiary materials submitted in support." *Prop. Located at 5800 SW 74th Ave., Miami, Fla.*, 363 F.3d at 1101–02 (citations omitted).

### III.  DISCUSSION

In support of their motion for partial summary judgment, Defendants have submitted a statement of material facts,[7] deposition testimony,[8] Minger's driving record,[9] and a declaration of Atlanta Police Department Officer Jacob Lawson,[10] who reported to the accident and investigated the scene. The Court has reviewed the record evidence and finds that partial summary judgment is warranted.

---

[7]  ECF 92-1. The Court deems the facts in the statement of material facts admitted pursuant to local rule 56.1(B)(2)(a)(2).

[8]  ECF 94.

[9]  ECF 92-2, at 19–20.

[10]  *Id.* at 21–31.

### A.    Punitive Damages

Defendants move for summary judgment on Hughey's claim for punitive damages, arguing there is no nexus between any alleged wanton misconduct and the accident.[11] It is not clear from the Complaint what claims Hughey seeks punitive damages for, but the Court agrees with Defendants that the record does not support a claim for punitive damages on any of Hughey's claims.

To recover punitive damages, a plaintiff must prove "by clear and convincing evidence that the defendant's actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences." O.C.G.A. § 51-12-5.1(b). "Negligence, even gross negligence, is inadequate to support a punitive damage award." *Colonial Pipeline Co. v. Brown*, 258 Ga. 115, 118 (1988).

With respect to motor vehicle accidents, "punitive damages are not recoverable where the driver at fault simply violated a rule of the road." *Carter v. Spells*, 229 Ga. App. 441, 442 (1997). Punitive damages are permitted, however, "where the collision resulted from a pattern or policy of dangerous driving," such as having multiple DUIs or a policy of driving at excessive speeds. *Id.* (collecting

---

[11]    *Id.* at 7.

cases). Significantly, this standard requires that the dangerous pattern or practice be the cause of the collision. *Frey v. Gainey Transp. Servs., Inc.*, No. CIV. A. 1:05CV1493JOF, 2006 WL 3734157, at *4 (N.D. Ga. Dec. 14, 2006).

Here, there is no evidence showing that, at the time of the collision, Minger "was speeding, traveling too fast for conditions, driving under the influence of alcohol, had an opportunity to avoid the collision, or acted with such a willful and wanton lack of care as to entitle a jury to presume he was consciously indifferent to the consequences of his actions." *Bartja v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 218 Ga. App. 815, 818 (1995). In fact, in his declaration, Officer Lawson stated that Minger did not appear to be impaired or fatigued after the collision and that no vehicle defect contributed to the collision.[12]

Officer Lawson issued two citations to Minger related to the accident, for following too closely and improperly changing lanes,[13] but these are violations of the "rules of the road," which, standing alone, cannot support a claim for punitive damages. *See Durben v. Am. Materials, Inc.*, 232 Ga. App. 750, 752 (1998) (affirming grant of summary judgment dismissing punitive damages claim where police report indicated that driver was not under the influence and was only cited for

---

12   *Id.* at 21–22.

13   *Id.* at 28.

following too closely); *Coker v. Culter*, 208 Ga. App. 651, 652 (1993) (affirming grant of summary judgment dismissing punitive damages claim even though defendant was driving too fast for weather conditions, had alcohol in his system, and had drug paraphernalia in car, because there was no evidence of wanton lack of care).

Nor does Minger's driving record, which reflects two moving violations for speeding,[14] create a genuine issue of material fact on the appropriateness of punitive damages. *Bartja*, 218 Ga. App. at 818 (record of two prior accidents did not "reveal culpability required" to survive summary judgment on punitive damages claim). Even if Minger's driving record were sufficient to show a pattern of dangerous driving, there is no evidence that the collision was caused by Minger speeding. Summary judgment is warranted on Hughey's claim for punitive damages related to Minger's alleged negligence. *See Mastec N. Am., Inc. v. Wilson*, 325 Ga. App. 863, 867 (2014) (punitive damages were not permitted where no evidence showed accident was the result of the alleged pattern of dangerous driving); *Frey*, 2006 WL 3734157, at *3 (punitive damages not authorized without evidence that alleged fatigue or overweight load of truck caused the accident).

---

[14]   ECF 92-2, at 20.

Hughey's claim for punitive damages for KTV's allegedly negligent hiring and retention of Minger similarly fails. To recover punitive damages on a negligent hiring or retention claim, a plaintiff must prove "that an employer had actual knowledge of numerous and serious violations on its driver's record, or, at the very least . . . flouted a legal duty to check a record showing such violation." *W. Indus., Inc. v. Poole*, 280 Ga. App. 378, 380 (2006). There is no evidence on the record that Minger had numerous and serious violations on his record or that KTV failed to investigate Minger's driving record. Hughey is not entitled to punitive damages on these claims. *See Ballard v. Keen Transp., Inc.*, No. 4:10-CV-54, 2011 WL 203378, at *5 (S.D. Ga. Jan. 19, 2011) (five speeding tickets over eight years were not "numerous and serious violations" and fell short of proof required to survive summary judgment).

### B. Attorneys' Fees

Defendants also move for summary judgment on Hughey's claim for attorneys' fees pursuant to O.C.G.A. § 13-6-11, arguing that the record does not support a finding of bad faith or stubborn litigiousness. Under Georgia law, "[o]nly in the rare case where there was absolutely no evidence to support the award of expenses of litigation would the trial court be authorized to grant summary adjudication on such issues." *Am. Med. Transp. Grp., Inc. v. Glo-An, Inc.*,

235 Ga. App. 464, 467 (1998) (citing *LaRoche Indus. v. AIG Risk Mgmt.*, 959 F.2d 189 (11th Cir. 1992)). Here, there is no evidence in the record that either Defendant acted in bad faith with respect to the underlying conduct and, given that the undisputed facts reflect a *bona fide* dispute, there is no evidence to support a finding of stubborn litigiousness. *Grange Mut. Cas. Co. v. Kay*, 264 Ga. App. 139, 143 (2003) ("While issues of stubborn litigiousness are normally for the jury, if there is a *bona fide* controversy, there can be no stubborn litigiousness as a matter of law.") (citations omitted). Defendants are entitled to summary judgment on Hughey's claim for attorneys' fees.

### C.     Negligent Hiring and Retention

Defendants argue that Hughey's claims against KTV for negligently hiring and retaining Minger fail because nothing in the record shows that KTV knew, or should have known, that Minger presented a risk of harm.[15]  The Court agrees.

Georgia law used to preclude independent negligent hiring or retention claims where the plaintiff was also pursuing a claim under *respondeat superior*, except where the plaintiff was also seeking punitive damages. *Kelley v. Blue Line Carriers, LLC*, 300 Ga. App. 577, 580 (2009). Thus, under the prior approach,

---

15   ECF 92-2, at 16.

Hughey's negligent hiring and retention claims would fail along with his claim for punitive damages. However, the Supreme Court of Georgia recently held that this approach has been abrogated by Georgia's statute on apportionment of fault, O.C.G.A. § 51-12-33, and plaintiffs can therefore pursue claims under both theories concurrently, even absent a claim for punitive damages. *Quynn v. Hulsey*, 310 Ga. 473, 482 (2020). The Court will therefore consider the merits of Hughey's negligent hiring and retention claim.

Under O.C.G.A. § 34-7-20, an "employer is bound to exercise ordinary care in the selection of employees and not to retain them after knowledge of incompetency." "In other words, an employer may be liable for negligently hiring or retaining an employee 'only where there is sufficient evidence to establish that the employer reasonably knew or should have known of an employee's 'tendencies' to engage in certain behavior relevant to the injuries allegedly incurred by the plaintiff.'" *Cleveland v. Team RTR2, LLC*, 359 Ga. App. 104, 108 (2021) (quoting *Munroe v. Universal Health Servs., Inc.*, 277 Ga. 861, 863 (2004)), *reconsideration denied*, (Mar. 18, 2021), *cert. denied*, (July 20, 2021)).

Minger is the owner and operator of KTV,[16] and so Hughey's theory of liability depends on a finding that Minger negligently hired and continued to employ himself. Defendants have not challenged this basis for Hughey's claims, and though such a scenario is unusual, it is not inconceivable. The Court has found no authority foreclosing liability against an owner for negligently employing himself and sees no reason to preclude Hughey from pursuing this claim.

Defendants are entitled to summary judgment on the negligent hiring and retention claims, however, because the evidence fails to show that Minger tended to drive in a way that was likely to cause an accident. In support of their motion, Defendants submitted Minger's driving record,[17] which does not report any vehicle accidents or citations for following too closely or improperly changing lanes. The record only reflects two speeding violations, one in 2010 for exceeding the speed limit by more than 10 miles per hour but less than 25 miles per hour and one in 2016 for exceeding the speed limit by less than 10 miles per hour.[18] No reasonable jury could find that Minger was accident-prone based on two speeding tickets over the course of a decade.

---

[16] ECF 92-1, ¶ 2.

[17] ECF 92-2, at 20.

[18] *Id.*

## IV. CONCLUSION

Defendants' motion for partial summary judgment [ECF 92] is **GRANTED**. Hughey's claims for punitive damages, attorneys' fees, and negligent hiring and retention are **DISMISSED**.

**SO ORDERED** this 28th day of March, 2022.

Steven D. Grimberg
United States District Court Judge